Battle, J.
 

 There is no error in the decree so far as it affects John E. Patton. The testator, whose will was made in 1835, gave him, by the 2nd item, a considerable amount of property, consisting of both real and personal estate, which he says he had already put him in possession of, and which, of course, he was then enjoying. In the 11th item, the testator gives to his daughter Ann and her children a large legacy, to be paid with interest from the first day of May, 1837, and says that, of that legacy, his four sons shall each pay $500 out of the legacies given to them. The clerk and master was therefore right in charging John E. Patton with interest from the 1st day of May, 1837, as shown by his report.
 

 The testator gave to his son Thomas, directly, but a very small legacy", to wit: the stock, &c., on the Swannanoah Farm, and in consequence of the dealings between him and his brother Janies, the executor, he did not get the benefit of it as a
 
 *332
 
 legacy until the death of the testator in 1845, it being shown by the report, that interest is calculated in
 
 his favor from
 
 that time only. It would seem, then, to be just that he should not be charged with interest on the legacy to his sister until that time. Rut if that is not so, still John has no right to take exception, as he is clearly chargeable with interest from the time mentioned in the will, to wit, the 1st of May, 1837. His petition to rehear, must therefore be dismissed.
 

 We have referred to the decree so far as it affects Thomas, for the purpose, only, of explaining the reasons why we overrule the petition of John E. Patton. We cannot give any direct opinion upon the case of Thomas, until it is properly brought before us.
 

 Pbb Oubiam, Petition to rehear dismissed.